UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL A. RODRIGUEZ,

      Petitioner,

v.                    Case No: 2:21-cv-165-JES-NPM

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Manuel Rodriguez's Motion to Stay or Hold Federal Habeas Corpus Proceedings in Abeyance (Doc. #6) and Respondent's Motion to Dismiss Petition as Unexhausted (Doc. #8).

The parties agree on the facts. A jury convicted Rodriguez of attempted second-degree murder with a firearm, and the trial court sentenced him to 45 years' imprisonment. One of Rodriguez's state postconviction motions was partially successful, and he was resentenced on April 30, 2021. Rodriguez's appeal of his new sentence is currently pending.

The parties do not agree on what the Court should do with this case while Rodriguez exhausts his state remedies. Rodriguez asks the Court to stay this case during the resentencing appeal and any subsequent state collateral challenges, then allow him to

amend his Petition to include grounds related to the resentencing. He is concerned that dismissal could jeopardize the timeliness of a subsequent 2254 petition. Respondent counters that Rodriguez's federal habeas limitations period will not begin to run until his resentencing becomes final, and the Court should dismiss this case without prejudice. Rodriguez could then file a new federal habeas petition after exhausting his claims in state court.

Respondent is correct. The one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) "runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final." Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1287 (11th Cir. 2007). Thus, Rodriguez's resentencing, not his original conviction, will trigger the AEDPA limitations period.

There is no need to stay this case. Rodriguez will have one year after his resentencing becomes final—as extended by any AEDPA tolling periods—to file a 2254 petition. The Court will thus dismiss this case to allow Rodriguez to exhaust his claims in state court.

Accordingly, it is now

**ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, this ___23rd___ day of June, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:  FTMP-1
Copies:  All Parties of Record